UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Franklin Sacasari, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. -<br><br>ASF Construction & Excavation Corp. d/b/a ASF Construction, and Andre Renha-Fernandes<br><br>Defendants. | DOCKET NO. 19-CV-_____<br><br>**COMPLAINT** |

Plaintiff Franklin Sacasari, by and through his undersigned attorneys, for his complaint against defendants ASF Construction & Excavation Corp. d/b/a ASF Construction, and Andre Renha-Fernandes, allege as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiff Franklin Sacasari alleges on behalf of himself and on behalf of other similarly situated current

and former employees of defendants ASF Construction & Excavation Corp. d/b/a ASF Construction, and Andre Renha-Fernandes, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Plaintiff further complains on behalf of himself and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Mr. Sacasari is an adult individual residing in Elmsford, New York.

4. Plaintiff consents in writing to be party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5. Upon information and belief, defendant ASF Construction & Excavation Corp. is a New York corporation with a principal place of business at 37 Roa Hook Road, Cortlandt Manor, NY 10567.

6. At relevant times, defendant ASF Construction & Excavation Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

7. Upon information and belief, at all relevant times, ASF Construction has had gross annual revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, ASF Construction has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, defendant ASF Construction has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, defendant Andre Renha-Fernandes is an owner or part owner and principal of

ASF Construction, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Defendant Andre Renha-Fernandes was involved in the day-to-day operations of ASF Construction and played an active role in managing the business.

12. Defendants constituted "employers" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

### JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

### COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 207, plaintiff seeks to prosecute their FLSA claims as a collective action on behalf of himself and a collective defined as follows:

> All persons who are or were employed by defendants in the United States at any time since January 9, 2016, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

16. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiff seek to prosecute their New York Labor Law claims on behalf of himself and a class defined as follows:

> All persons who are or were employed by defendants in the United States at any time since January 9, 2013, to the entry of judgment in this case (the "Class Period"), and who were not properly paid overtime compensation, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

17. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

18. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they

5

lack adequate financial resources, access to attorneys, or knowledge of their claims.

19. Plaintiff will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

20. Plaintiff' claims are typical of the claims of the putative Class and Collective Action Members, and plaintiff have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

21. Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

22. Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

23. Among the common questions of law and fact under the FLSA and New York wage and hour laws common to plaintiff and other putative Class/Collective Action Members are the following:

   a. Whether defendants failed and/or refused to pay plaintiff and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   b. Whether defendants failed and/or refused to pay plaintiff and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

   c. Whether defendants failed and/or refused to provide plaintiff and the putative Class Members with the wage notices and weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

   d. Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

    e. Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

24. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

25. The Collective Action Members are similarly situated to plaintiff in that they were employed by ASF Construction as non-exempt laborers and were denied premium overtime pay for hours worked beyond forty hours in a week.

26. They are further similarly situated in that ASF Construction had a policy and practice of knowingly and willfully refusing to pay them overtime.

27. Plaintiff and the Collective Action Members and Class Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by ASF Construction.

28. The exact number of such individuals is presently unknown but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

29. At all relevant times herein, defendants owned and operated a concrete contracting business in the Bronx.

30. Plaintiff worked on construction projects in the Bronx for defendants.

31. Mr. Sacasari was employed at ASF Construction from approximately March 2015 through December 2017.

32. Mr. Sacasari was employed as a rebar installer.

33. Plaintiff's work was performed in the normal course of defendants' business and was integrated into the business of defendants and did not involve executive or administrative responsibilities.

34. At all relevant times herein, plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

35. Plaintiff regularly worked six days each week of his employment at ASF Construction.

36. Plaintiff Sacasari routinely worked from approximately 7:00 a.m. to 5:30 p.m. during the period of March 2015 until June of 2017. From June 2017 until December 2017 Plaintiff routinely worked from approximately 4:00 a.m. to 8:00 p.m. As a result, he worked between 63-84 hours almost every week of his employment.

37. Plaintiff was paid on an hourly basis during his employment with defendants.

38. Mr. Sacasari started at $14 per hour, was given a raise to $17 per hour in mid-2016, and was given a further raise to $22 per hour in December 2016.

39. Plaintiff was paid at these regular rates of pay for all their hours worked, regardless of the number of hours they worked.

40. As a result, ASF Construction failed to pay plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

41. Defendants' failure to pay plaintiff the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

42. Plaintiff was never provided with paystubs or wage statements that accurately provided the information required by New York law, such as regular and overtime hours worked and regular and overtime pay.

43. Defendants failed to provide plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiff' regular and

overtime rates, and intended allowances claimed – and failed to obtain plaintiff' signature acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

44. Defendants failed to provide plaintiff with accurate weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

45. Upon information and belief, throughout the period of plaintiff' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like plaintiff (the Class and Collective Action Members) in positions at defendants' contracting company that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

46. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet ASF Construction has likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

47. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

48. Upon information and belief, while defendants employed plaintiff and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

49. Upon information and belief, while defendants employed plaintiff and through all relevant time periods, defendants failed to post or keep posted accurate notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

50. Plaintiff, on behalf of himself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

51. At all relevant times, defendants employed plaintiff and each of the Collective Action Members within the meaning of the FLSA.

52. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

53. As a result of defendants' willful failure to compensate their employees, including plaintiff and the Collective Action Members, at a rate at least one-and-one-half times their regular rates of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

55. Due to defendants' FLSA violations, plaintiff and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

56. Plaintiff, on behalf of himself and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, plaintiff and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated the rights of plaintiff and the members of the Class by failing to pay them full overtime compensation at rates at least one-and-one-half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 142.

59. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

60. Due to defendants' New York Labor Law violations, plaintiff and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees,

and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

61. Plaintiff, on behalf of himself and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

62. At all relevant times, plaintiff and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

63. Defendants willfully violated the rights of plaintiff and the members of the Class by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

64. Defendants willfully violated the rights of plaintiff and the members of the Class by failing to provide them with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

65. Due to defendants' New York Labor Law violations relating to the failure to provide wage statements, plaintiff and the members of the Class are entitled to

recover from the defendants, statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

66. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiff and the members of the Class are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the members of the collective and class actions, respectfully request that this Court grant the following relief:

   a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing plaintiff and their counsel to represent the Class;

   b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant

    to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and their counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay statutory

       overtime compensation pursuant to 29 U.S.C. § 216;

  g. Liquidated damages for defendants' New York Labor Law violations;

  h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

  i. Back pay;

  j. Punitive damages;

  k. An award of prejudgment and postjudgment interest;

  l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  m. Such other, further, and different relief as this Court deems just and proper.

Dated: January 9, 2019

*/s/ Michael Samuel*
Michael Samuel
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff,
Individually and on behalf of
others similarly situated

18

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ASF Construction & Excavation and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de ASF Construction & Excavation mi y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____

Franklin Sacasari

Date: August 6, 2018