## SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** Franklin Sacasari, Juan Lituma, and Jorge Curillo-Zhicay ("Plaintiffs") and ASF Construction & Excavation Corp. d/b/a ASF Construction ("ASF Construction"), and Andre Renha-Fernandes ("A. Renha-Fernandes") ("Defendant") as follows:

**WHEREAS,** Plaintiff, Franklin Sacasari commenced an action in United States District Court, Southern District of New York (the "Court") on January 9, 2019 styled as *Franklin Sacasari v. ASF Construction & Excavation Corp., et al,* Docket 7:19-cv-00268-CS (hereinafter the "Action") on behalf of himself and others similarly situated in which he has asserted various claims and avers that he is entitled to alleged unpaid wage and unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"); and

**WHEREAS,** Plaintiffs have filed consents and joined in this action as individual plaintiffs; and

**WHEREAS**, there has not been an application to certify the class in this matter but rather the Plaintiffs wish to proceed individually; and

**WHEREAS,** Defendants deny all of the material allegations asserted by Plaintiffs and deny and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff; and

**WHEREAS**, the purpose of this Agreement is to settle this action; and

**WHEREAS**, the Parties informally exchanged documents and information to facilitate settlement discussions; and

**WHEREAS**, the Parties engaged in negotiations of the claims in the Action, facilitating this Settlement Agreement (hereinafter, the "Agreement"); and

**WHEREAS,** a mediation was held pursuant to the Court's direction on July 17, 2019 between all parties and agreement was reached on all issues; and

**WHEREAS**, the Agreement is subject to the review and approval of the Court, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

**WHEREAS**, the Parties shall submit to the Court a joint statement explaining the basis for the proposed Settlement; and

**WHEREAS**, the Agreement is contingent on the Court's approval of the Settlement; and

**WHEREAS,** Plaintiffs and Defendants, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering

1

into this Agreement:

**NOW, THEREFORE,** Plaintiffs and Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1. Plaintiffs and Defendants shall make a joint application to amend the caption in this matter to include Juan Lituma, and Jorge Curillo-Zhicay as individual plaintiffs.
2. Plaintiffs withdraw and discontinue without prejudice all causes of action except those arising under the FLSA arising on or before the effective date of this Agreement.
3. Plaintiffs shall not hereafter directly or indirectly commence and/or continue or participate in any lawsuit, charge, claim or proceeding in any forum against Defendants, either individually or jointly, relating to any obligation or claim concerning Plaintiffs' claims asserted in the Action or otherwise arising under the FLSA arising on or before the effective date of this Agreement.

4. In full, final and complete settlement of the claims under the facts at issue in the Action and hereafter precluded by law, Defendants hereby agrees to cause to be paid to Plaintiff the total aggregate sum of **One Hundred Sixty-Five Thousand Dollars and Zero Cents ($165,000.00)**, to be divided as follows:

   A. **$59,500.00** to Plaintiff Franklin Sacasari.
   B. **$28,500.00** to Plaintiff Juan Lituma
   C. **$22,000.00** to Plaintiff Jorge Curillo-Zhicay
   D. **$55,000.00** to the Law Office of Samuel and Stein $54,600 as and for attorneys' fees, and $400.00 as reimbursement for filing and service of process expenses).

The Company will make the above payments by sending the checks via overnight delivery to Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001 in the following manner:

Payments due under this Agreement shall be made in one lump sum payment to be received no later than September 16, 2019 or ten (10) days following Court approval, whichever date occurs first. Additionally, the individual checks will be written to each Plaintiff without taxes being withheld.

If, for any reason, including, but not limited to, delays in the drafting and/or execution for the settlement agreement, the discontinuance of the Action has not been "So Ordered" by the Court prior to the due date of any payment hereunder, any such payment which would otherwise be required to be paid shall be paid to defense counsel, who shall retain such payments in escrow until the discontinuance is "So Ordered", and defense counsel shall thereupon make any payment to Plaintiffs' Counsel which would otherwise have been due. Any failure to to pay such payment into escrow by the due date hereunder, or any failure to pay Plaintiffs' counsel within 3 business days after the discontinuance is "So Ordered" shall constitute a default hereunder, provided, however, that this provision can never operate to accelerate those dates of any of the payments provided for above.

In the event the date for the payment of any amount set forth in this Agreement falls on a Saturday, Sunday or legal holiday, the date for payment of such amount shall be extended to the next business day.

5. Plaintiffs hereby stipulate, acknowledge and understand that, in consideration of payment of the Settlement Funds, said payment constituting good and valuable consideration, Plaintiffs hereby, acting on their own free will and volition, and on behalf of themselves, their heirs, administrators, executors, representatives, successors and assigns, release Defendants, individually and jointly, their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, from debts, obligations, claims, demands, orders, judgments or causes of action arising out of the FLSA only, from the beginning of the world to the date of execution of this Agreement.

6. Defendants reciprocally release Plaintiffs from all labor and employment-related liabilities, debts, claims and causes of action arising out of the claims and or facts at issue in the action by reason of Plaintiffs' employment with Defendants, from the beginning of the world through the date of the effective date of this Agreement.

7. The Parties have not and will not engage in any conduct that is injurious to the reputation and interests of the other including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating, or criticizing Plaintiffs or Defendants regarding any subject matter, including without limitation those that are relevant to the instant proceedings, and settlement. This condition shall not be construed to include truthful statements by Plaintiffs or Defendants regarding the subject-matter of this lawsuit.

**8.** Plaintiffs understand and agree that they have been advised to consult with their own attorney before signing this Agreement, and that they have done so by consulting Michael Samuel of Samuel & Stein. Plaintiffs acknowledge and agree that they have not relied upon any advice from Plaintiffs' Counsel or Defendants as to the taxability of the payments received pursuant to this Agreement.

9. Defendants understand and agree that they have been advised to consult with their own attorneys before signing this Agreement.

10. By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of Defendants, who expressly deny any liability to Plaintiffs arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

11. If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties; and, if such provisions cannot be so reformed, they shall be deemed not to be a part of this Agreement. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall affect the validity or enforceability of all other portion hereof. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

12. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

13. By signing this Agreement, Defendants and Plaintiffs know of no reason why their respective signatures would be ineffective in any way to bind them.

14. This Agreement represents the entire agreement between Plaintiffs and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought, and approved by the Court. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

   A. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

   B. Each of the Parties has participated in negotiating and drafting this Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

15. Any breach or violation of this Agreement by either party will be considered a material breach of this Agreement and will entitle the other party to recover actual damages, if any, caused by the breach or violation. In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate. If Defendants fail to make payment in accordance with this agreement, Plaintiff shall provide Defendants with 10 days' written notice of the alleged breach with an opportunity to

cure. If the alleged breach is not cured at the close of the 10-day period commencing on the date Defendant has been served with the written notice of breach, Plaintiff shall be entitled to file the attached Confession of Judgment (annexed hereto as Exhibit A) with the Court. In the event the Confession of Judgment is filed with the Court prior to the date that such Notice of Default has been given and the period for cure has expired, the Confession of Judgment shall be ineffective and not enforceable.

16. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

17. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiffs: Michael Samuel, Esq., Samuel and Stein, 38 West 32nd Street, Suite 1110, New York, New York 10001.

For Defendants: Thomas S. Tripodianos Esq., Welby, Brady & Greenblatt, LLP, 11 Martine Avenue, White Plains, New York 10606.

15. The parties to this Agreement expressly acknowledge that this Agreement reflects a reasonable compromise of the disputed issues and that the proposed settlement is fair and reasonable under the totality of the circumstances. Accordingly, the parties mutually agree that amicable and swift settlement satisfactory to Plaintiffs and Defendants is an appropriate resolution of this dispute, thereby avoiding further time, energy and costs to the parties and to the Court.

By signing below, each party acknowledges and represents that the settlement amount is fair and reasonable and takes into account any and all claims that Plaintiffs have raised under the facts or claims as of the date of this agreement against Defendants under the FLSA for alleged unpaid wage and unpaid overtime compensation

_____
Franklin Sacasari, *Plaintiff*
Date: 9-3-2019

_____
Andre Renha-Fernandes
Date: _____

_____
Juan Lituma, *Plaintiff*
Date: 9-5-2019

_____, on behalf of ASF
*Construction & Excavation Corp.*
Date: _____

_____
Jorge Curillo-Zhicay, *Plaintiff*
09-05-2019

5

cure. If the alleged breach is not cured at the close of the 10-day period commencing on the date Defendant has been served with the written notice of breach, Plaintiff shall be entitled to file the attached Confession of Judgment (annexed hereto as Exhibit A) with the Court. In the event the Confession of Judgment is filed with the Court prior to the date that such Notice of Default has been given and the period for cure has expired, the Confession of Judgment shall be ineffective and not enforceable.

16. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

17. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiffs: Michael Samuel, Esq., Samuel and Stein, 38 West 32nd Street, Suite 1110, New York, New York 10001.

For Defendants: Thomas S. Tripodianos Esq., Welby, Brady & Greenblatt, LLP, 11 Martine Avenue, White Plains, New York 10606.

15. The parties to this Agreement expressly acknowledge that this Agreement reflects a reasonable compromise of the disputed issues and that the proposed settlement is fair and reasonable under the totality of the circumstances. Accordingly, the parties mutually agree that amicable and swift settlement satisfactory to Plaintiffs and Defendants is an appropriate resolution of this dispute, thereby avoiding further time, energy and costs to the parties and to the Court.

By signing below, each party acknowledges and represents that the settlement amount is fair and reasonable and takes into account any and all claims that Plaintiffs have raised under the facts or claims as of the date of this agreement against Defendants under the FLSA for alleged unpaid wage and unpaid overtime compensation

Franklin Sacasari, *Plaintiff*
Date: 9-3-2019

Andre Renha-Fernandes
Date: 9/4/2019

Juan Lituma, *Plaintiff*
Date: _____

Annette Simao, on behalf of ASF Construction & Excavation Corp.
Date: 9/4/2019

Jorge Curillo-Zhicay, *Plaintiff*

5